UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:10-CR-34-GFVT-HAI-2 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| JASON LAWRENCE TAYLOR, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

The Court, on referral, considers reported violations of supervised release conditions by Defendant Jason Lawrence Taylor. District Judge Van Tatenhove entered a judgment against Defendant on March 2, 2011, for aiding and abetting possession of item used to manufacture methamphetamine. D.E. 67. Defendant was sentenced to sixty-eight months of imprisonment to be followed by thirty-six months of supervised release. *Id.* at 2-3. Defendant began his term of supervised release on May 29, 2015.

On January 13, 2016, the United States Probation Office ("the USPO") issued a Supervised Release Violation Report ("the Report"). First, the Report charges, in Violation #1, a violation of Standard Condition #7, which provides that "[t]he defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." The Report specifically alleges that, on January 12, 2016, Defendant's urine sample tested positive for the presence of methamphetamine via an instant testing device, and Defendant admitted the use via a Positive Urinalysis Admission Report. Defendant informed his probation officer that "on January 1, 2016, he was riding all-terrain vehicles with some friends and, after consuming beer and liquor, he 'snorted two lines of

methamphetamine.'" This is a Grade C violation. Second, in relation to this positive drug test and admission, the Report charges Defendant with a violation of the condition requiring Defendant to refrain from committing another federal, state or local crime. Noting the Sixth Circuit's decision that use of a controlled substance includes possession, and Defendant's criminal history, Violation #2 charges Defendant with conduct that would be a federal crime. Such conduct would be a Class E Felony pursuant to 21 U.S.C. § 844(a), Simple Possession of a Controlled Substance. This is a Grade B violation. Finally, in Violation #3, based on Defendant's admission to consuming beer and liquor, the Report charges Defendant with a violation of the condition requiring him to abstain from the use of alcohol. This is a Grade C violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on February 9, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 76. At the initial appearance, the United States made an oral motion for interim detention, and Defendant requested release. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on February 12, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 77. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the three violations. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. The United States thus established all three violations under the standard of section 3583(e).

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court

has considered all of the section 3553 factors imported into the section 3583(e) analysis. Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to aiding and abetting possession of item used to manufacture methamphetamine, a Class C felony. *See* 21 U.S.C. § 843(a)(6); 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under section 3583 is two years of imprisonment. 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct would qualify as Grade C violations with respect to both Violations #1 and #3, and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of III (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade"), Defendant's Range, under the Revocation Table of Chapter 7, is eight to fourteen months.

Based on Defendant's stipulation, the parties jointly recommended revocation with a term of imprisonment of ten months to be followed by twenty-six months of supervised release. In support of this recommendation, the United States first noted that Defendant's conduct reflects a

lack of seriousness concerning supervision. According the United States, the fact that Defendant's drug use was in a recreational setting made the use appear to be more of an act of carelessness than that of a compulsion. Moreover, the United States indicated that the circumstances of the underlying offense were serious and involved a loaded firearm. However, the United States believes that ten months of imprisonment is sufficient but not greater than necessary because Defendant had been doing well while on supervision and had been successful in a drug treatment program. Further, the United States asserted that the maximum term of supervised release following imprisonment is necessary to adequately help Defendant with his drug addiction and to protect the public.

Defense counsel largely agreed with the statements made by the United States. She stated that Defendant's drug addiction was severe, and was placing a significant strain on his life. Defense counsel indicated that, while incarcerated, Defendant had participated in a drug program but that it was not the RDAP program. She reiterated that he had been doing well on supervision until these violations, having gained steady employment and successfully participating in a substance abuse program. However, she stated that Defendant's drug use was placing a significant burden on his relationship with his young daughter. Defense counsel informed the Court that Defendant wanted more accountability on supervision once released, including more drug testing and referral to an inpatient substance abuse treatment program. Finally, defense counsel stated that Defendant's employer has indicated that Defendant would be welcome back to his job following imprisonment, and that Defendant has strong familial support.

At the outset, the Court notes that Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th

Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range. The Court first considers the nature and circumstances of Defendant's conviction. The nature and circumstances of Defendant's underlying conviction are very serious. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). The manufacture of methamphetamine poses a significant threat to the community in which it is taking place. Moreover, the specific facts underlying Defendant's offense involve a loaded firearm. Although Defendant did not return to trafficking, methamphetamine use, given his criminal history, constitutes felonious conduct. Thus, a significant term of imprisonment is warranted.

   The Court next considers Defendant's history and characteristics, and the need to deter criminal conduct and protect the public. Defendant's history and characteristics indicate a serious drug problem. Including these violations, Defendant has four felonies related to methamphetamine in his criminal record. Moreover, his record includes dangerous firearms possession. Simply put, when Defendant is using, he is a significant danger to himself, to his family, and those around him. He has expressed a desire to get and remain clean. If he can do this, he will be able to become a productive member of society. If he cannot, it will continue to place a significant strain on his relationship with his daughter, lead to further criminal conduct, and pose a significant threat to the public.

   The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the

court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).

Defendant's conduct here represents a significant breach of the Court's trust. By committing a criminal act while on supervision, Defendant has shown a serious disregard for the conditions of his release. One of the most concerning breaches of the Court's trust occurs when a Defendant returns to criminal activity while on release. The Court trusted Defendant on supervision to conform his conduct to the standards of society, and he has failed to do so. Given his significant criminal history, Defendant is advised that any further breach of the Court's trust will likely result in a much longer imprisonment term.

Ultimately, a sentence of ten months is within the Guidelines Range and, for the reasons stated above, the Court finds is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e). Moreover, the need to avoid unwarranted sentence disparities among defendants with similar records who have committed similar violations is addressed by the recommendation of a sentence within Defendant's Guidelines Range.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's conviction under 21 U.S.C. § 843 carried a maximum

supervised release term of three years. *See* 21 U.S.C. § 843(d); 18 U.S.C. § 3583(b)(2). Under section 3583(h), the maximum at this point is therefore three years "less any term of imprisonment . . . imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). If this Recommended Disposition is adopted by District Judge Van Tatenhove, Defendant will serve ten months of incarceration, yielding a post-revocation cap of twenty-six months. The Court recommends that a term of supervised release be re-imposed for a the maximum period of twenty-six months, with the additional condition that, as soon as practicable following release, Defendant shall enroll in, and complete, an inpatient substance abuse treatment program with the length of such program to be left to the discretion of the USPO. Following completion of this program, Defendant shall be subject to drug testing by the USPO every ten days for a period of two months. Defendant has indicated that he is sincere in his desire to deal with his drug addiction. The Court believes that a significant term of supervision following imprisonment, along with inpatient substance abuse treatment, will give Defendant the skills necessary to succeed and to learn to address his addiction.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of imprisonment of ten months;

2. A term of supervised release of twenty-six months, under the conditions previously imposed at Docket Entry 67, with the additional condition that, as soon as practicable following release, Defendant shall enroll in, and complete, an inpatient substance abuse treatment program with the length of such program to be left to the discretion of the USPO. Following completion of this program, Defendant shall be subject to drug testing by the USPO every ten days for a period of two months, with testing at the USPO's discretion thereafter; and

    3.  The Defendant shall appear for a status conference before the undersigned on March 15, 2017, at 1:00 p.m., at the United States Courthouse in London, Kentucky, to discuss Defendant's progress with drug treatment and supervised release.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 16th day of February, 2016.

Signed By:
Hanly A. Ingram
United States Magistrate Judge