UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 6:10-cr-00034-GFVT-HAI |
| V. | ) ) ) | |
| JASON LAWRENCE TAYLOR, | ) ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 78.] The Defendant, Mr. Jason Lawrence Taylor, is charged with three violations of his supervised release, all related to an incident that occurred on January 1, 2016. Specifically, on January 12, 2016, Mr. Taylor tested positive for the presence of methamphetamine, and he informed his probation officer that "on January 1, 2016, he was riding all-terrain vehicles with some friends and, after consuming beer and liquor, he 'snorted two lines of methamphetamine.'" [R. 78 at 1-2.] This conduct constitutes three violations of Mr. Taylor's supervised release: (1) a violation of the condition prohibiting him from the use and/or possession of any controlled substances; (2) a violation of the condition requiring him to refrain from committing another federal, state, or local crime; and (3) a violation of the condition requiring him to abstain from the use of alcohol. At a final hearing before Judge Ingram on February 12, 2016, Mr. Taylor competently stipulated to all three of the alleged violations. [*Id.* at 2.]

On February 16, 2016, Judge Ingram issued a Recommended Disposition which

recommended revocation of Mr. Taylor's term of supervised release and a term of incarceration of ten (10) months, to be followed by a twenty-six (26) month term of supervision. [*Id.* at 7-8.] This recommendation was the same as that agreed to by both parties. [*Id.* at 3.] After considering the Recommended Disposition, the Court finds Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence. Judge Ingram noted the severity of Mr. Taylor's drug problem and also his criminal record, which includes not only drug offenses but also dangerous firearms possession. As the instant January 1, 2016, offense involved alcohol and drug use as well as a loaded firearm, the offense represents a serious breach of the Court's trust and dangerous conduct for which a significant term of imprisonment is warranted. Further, the recommended sentence is within the range set forth in Chapter 7 of the United States Sentencing Guidelines. And finally, Judge Ingram adequately anticipated Mr. Taylor's needs following his release from confinement and appropriately provided for additional conditions of Mr. Taylor's supervised release going forward.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition advises the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 8.] *See* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition were filed within the appropriate time period by either party. Further, Mr. Taylor through counsel submitted a Waiver of Allocution, signed on February 12, 2016, and filed in the record on March 22, 2016. [*See* R. 80.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474

2

U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

    1.    The Recommended Disposition [R. 78] as to Defendant Jason Lawrence Taylor is **ADOPTED** as and for the Opinion of the Court;

    2.    Defendant Jason Lawrence Taylor is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

    3.    Mr. Taylor's Supervised Release is **REVOKED**;

    4.    Mr. Taylor is hereby sentenced to a term of imprisonment of **ten (10) months**, with a term of supervised release of **twenty-six (26) months** to follow. The term of supervised release shall be imposed under the same conditions previously imposed at R. 67, with the added condition that, as soon as practicable following release, Mr. Taylor shall enroll in and complete an **inpatient substance abuse treatment program**. The length of such program shall be left to the discretion of the United States Probation Office. Following Mr. Taylor's completion of the program, he shall be subject to drug testing by the United States Probation Office every **ten (10) days** for a period of **two (2) months**, with testing at the United States Probation Office's discretion thereafter;

    5.    Mr. Taylor shall appear before Magistrate Judge Hanly A. Ingram for a status conference on **March 15, 2017**, at **1:00 p.m.**, at the United States Courthouse in **London**,

Kentucky, to discuss his progress with drug treatment and supervised release; and

      6.      Judgment shall be entered promptly.

This the 23rd day of March, 2016.

Gregory F. Van Tatenhove
United States District Judge

4